UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeaset Cristal Ibarr, *individually and as parent and guardian of MYG and ARG, minor children under the age of 18,*<br><br>      Plaintiff,<br><br>  vs.<br><br>City of Greenwood, Officer J. Maynard, Officer Cardarelli, Officer Orgega, Officer Ray Pope, Officer S. Lukas, Officer Baker, Officer Craft, Officer S. Nichols, and Officer Mitchell McAlister,<br><br>      Defendants. | Civil Action No. 8:20-2807-BHH<br><br>**ORDER AND OPINION** |

  This matter is before the Court upon Plaintiff Jeaset Cristal Ibarr's ("Plaintiff") *pro se* complaint, which alleges, on behalf of Plaintiff and her minor children, violations of constitutional rights pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review. On January 21, 2022, Defendants City of Greenwood, Officer J. Maynard, Officer Cardarelli, Officer Orgega, Officer Ray Pope, Officer S. Lukas, Officer Baker, Officer Craft, Officer S. Nichols, and Officer Mitchell McAlister ("Defendants"), filed a motion for summary judgment. (ECF No. 49.) The Magistrate Judge issued a *Roseboro* Order in response to Defendants' motion, advising Plaintiff of the summary judgment procedure and the potential consequence if she failed to respond to Defendants' motion. (ECF No. 51.) Plaintiff did not file a response, and the Magistrate Judge entered a text order giving Plaintiff through March 24, 2022. (ECF No. 54.) Notwithstanding the Magistrate Judge's warnings or extension of time, Plaintiff failed to respond to Defendant's motion or to contact the Court in any way.

  On March 31, 2022, the Magistrate Judge issued a report and recommendation

("Report") recommending that this action be dismissed in accordance with Federal Rule of Civil Procedure 41(b). (ECF No. 56.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of her right to file written objections to the Report within fourteen days of being served with a copy. (*Id.* at 4.) Plaintiff filed no objections and the time for doing so expired on April 14, 2022.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court adopts the Magistrate Judge's Report (ECF No. 56) and dismisses this action in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. Defendants' motion for summary judgment (ECF No. 49) is denied as moot.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

June 22, 2022
Charleston, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.